CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 01 2008

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| WILLIAM F. BRECKENRIDGE, ) | | |
| Plaintiff, ) | Civil Action No. 7:08-cv-00243 | |
| ) | | |
| v. ) | **MEMORANDUM OPINION** | |
| ) | | |
| CHERYL THOMPSON, et. al., ) | By: Hon. James C. Turk | |
| Defendants. ) | Senior United States District Judge | |

Plaintiff William F. Breckinridge, a Virginia inmate proceeding pro se, brings this action under the Civil Rights Act, 42 U.S.C. §1983, with jurisdiction vested under 28 U.S.C. §1343. In his complaint, Breckinridge alleges that the defendants, who are a magistrate, a judge, and two court clerks in the Virginia court system, violated his constitutional rights by failing to take proper steps to generate criminal warrants as to the five criminal complaints he filed.[1] As relief, he seeks to have criminal warrants issued and served on the accused and to have the warrants decided by a judge.[2] Upon consideration of the complaint, the court finds that this action should be dismissed pursuant to 28 U.S.C. §1915A(b)(1) for failure to state a claim upon which relief may be granted.[3]

I

---

[1] The five criminal complaints are attached to Breckinridge's civil complaint form. They accuse various persons of giving perjured testimony, gathering DNA evidence under false pretenses and then tampering with it, or allowing others to give perjured testimony or offer false evidence during Breckinridge's criminal trial.

[2] Breckinridge further states that he wants to have his court-appointed counsel "do his job," to have trial transcripts forwarded to him and his trial attorney, and "[f]or this court to look at all the evidence, obtain trial transcripts, and grant [him] all other [relief] this court deems appropriate."

[3] A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under §1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted."

1

Breckinridge alleges that on February 15, 2008, he went to the Office of the Charlottesville Magistrate to file five (5) criminal complaints. A staff member there told him to leave the complaints and she would generate warrants. After hearing nothing about his complaints for two weeks, Breckinridge asked to be returned to the magistrate's office to determine the status of the complaints. He asserts that "[t]hey 'dissapeared' [sic] per the Chief Magistrate. For 3 months have been trying to obtain trial transcripts, <u>after court ordered</u>."

In his second claim, Breckinridge alleges that on or about February 25, 2008, he sent the same five (5) criminal complaints to Albemarle Circuit Court Judge Cheryl Higgins. On March 5, 2008, Judge Higgins sent the five complaints to the Charlottesville General District Court, who returned the complaints to the Charlottesville Magistrate. As of March 17, 2008, the date on which Breckinridge signed and dated this § 1983 action, he had not received any response from the magistrate.

II

To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. <u>West v. Atkins</u>, 487 U.S. 42 (1988). Inmates have a guaranteed right to reasonable access to both state and federal courts. <u>Ex parte Hull</u>, 312 U.S. 456 (1941); <u>Procunier v. Martinez</u>, 416 U.S. 396 (1974). However, that right involves only an entitlement to seek to "enforce personal rights in civil litigation." <u>Lopez v. Robinson</u>, 914 F.2d 486, 494 (4th Cir. 1990). "No citizen has an enforceable right to institute a criminal prosecution." <u>Lopez</u>, 914 F.2d at 494 (citing <u>Linda R. V. Richard V.</u>, 410 U.S. 614, 619 (1973)). Moreover, state officials cannot be held liable under §1983 for negligent actions which

interfere with an inmate's litigation efforts. Pink v. Lester, 52 F.3d 73 (4th Cir. 1995), citing Daniels v. Williams, 474 U.S. 327 (1986).

Under these principles, Breckinridge fails to allege facts stating any constitutional claim. He was allowed to access the court. He filed his complaints, and when he sent them to a different court, staff members there forwarded the complaints to the appropriate court for consideration. However, the fact that the defendant judges and court clerks did not issue warrants or otherwise institute a criminal prosecution based on those complaints did not violate any right Breckinridge possessed. Simply put, he had no right to institute criminal prosecution against the individuals accused in those complaints. The discretionary decision whether to bring and prosecute criminal charges rests with the appropriate judicial officers, not with any private party such as Breckinridge. At the most, his allegations against the defendants imply that these court employees negligently delayed the official decision concerning his criminal complaints, and such acts of negligent interference with an inmate's access to courts are not actionable under § 1983.

Moreover, Breckinridge has no actionable § 1983 claim against the individuals named in the criminal complaints at this time, based on his allegations that his criminal trial was unfair because of their actions. To the extent that he seeks to overturn the conviction and/or sentence that resulted from their alleged misdeeds, his court remedy is to pursue appeals or habeas corpus action; Section 1983 is not an appropriate vehicle by which to attack the validity of a conviction or sentence. See Preiser v. Rodriguez, 411 U.S. 475, 490 (1973) ("Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of § 1983"). Moreover, to the extent that Breckinridge may wish to seek monetary damages against those who

3

participated in the trial proceedings, he is hereby advised that no such claim is actionable under § 1983 until the conviction itself has been set aside or overturned by some other appropriate means. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) ("in order to recover damages for . . . harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order . . . or called into question by a federal court's issuance of a writ of habeas corpus. . . . A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under §1983.").

Finally, Breckinridge has no § 1983 claim against his trial counsel. Defense attorneys do not act "under color of" state law and are, therefore, not amenable to suit under § 1983 for actions taken during their representation of a criminal defendant. See Polk County v. Dodson, 454 U.S. 312, 325 (1981).

For the stated reasons, the court finds that plaintiff's complaint under § 1983 must be dismissed, pursuant to §1915A(b)(1), for failure to state a claim. An appropriate order shall be entered this day. The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this opinion and the accompanying order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

ENTER: This 1st day of April, 2008.

*Senior United States District Judge*